FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 26, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>JOSE AGUIRRE-RUIZ (3),<br><br>            Defendant. | No. 1:22-cr-02021-MKD-3<br><br>ORDER DENYING DEFENDANT'S MOTION IN LIMINE REGARDING VIDEO CONTENT<br><br>**ECF No. 126** |

Before the Court is Defendant's Motion in Limine Regarding Video Content, ECF No. 126. The Court has reviewed the motion and the record and is fully informed. This Order memorializes and supplements the Court's oral rulings made at the February 22, 2023 final pretrial conference regarding Defendant's Motion in Limine Regarding Video Content, ECF No. 126.

## BACKGROUND

**A. Procedural History**

On February 17, 2023, prior to the pretrial conference, Defendant filed the subject motion, a Motion in Limine Regarding Video Content, ECF No. 126. At

ORDER DENYING DEFENDANT'S MOTION IN LIMINE - 1

the pretrial conference that day, the United States requested an opportunity to respond in writing, which the Court granted. ECF No. 133 at 4-5. The Court directed the United States to respond by 5:00 p.m. on Tuesday, February 21, 2023. ECF No. 133 at 4-5. The United States filed its response on February 20, 2023. ECF No. 129. Defendant filed a supplemental memorandum on February 20, 2023. ECF No. 131.

**B. Exhibits at Issue**

Defendant challenges the admissibility of the United States' Proposed Exhibits 2, 2-A, 12, 12-A and any derivative exhibits such as still images taken from the surveillance video at issue in Exhibit 2, which include the United States' Proposed Exhibits 1, 3, 4, and 5. ECF No. 126 at 1-2; ECF No. 131 at 2-5; *see* ECF No. 118 at 1-2; ECF No. 121 at 1-2; ECF No. 130 at 1-2. Defendant contends that the United States cannot properly authenticate Exhibit 2 without testimony from the confidential informant, ECF No. 126 at 1-2; that Exhibits 2, 2-A, 12 and 12-A constitute inadmissible hearsay, ECF No. 131 at 2-3; and admission of Exhibits 2 and 2-A would violate the Confrontation Clause of the U.S. Constitution, ECF No. 131 at 3-5.

*1. Exhibits 2 and 2-A*

Exhibit 2 is purported to be a select portion of an audio and video recording of a controlled buy between the confidential informant and Defendant Aguirre-

ORDER DENYING DEFENDANT'S MOTION IN LIMINE - 2

Ruiz, which occurred on July 29, 2021, and was arranged at the direction of DEA agents. ECF No. 129 at 2-4; *see* ECF No. 121 at 1; ECF No. 130 at 1. Exhibit 2-A is a transcript of that video, translating the content of the conversation from Spanish to English. ECF No. 130 at 2. Defendant challenges the admissibility of Exhibit 2 on various grounds and Exhibit 2-A because it is the translation of Exhibit 2. Defendant does not challenge the accuracy of the content or the translation and does not challenge the authenticity of Exhibit 2-A. Thus, the material challenge is to Exhibit 2.

    *2. Exhibits 12 and 12-A*

Exhibit 12 purports to be the initial portion of the audio and video recording from the controlled buy on July 29, 2021, during which DEA Special Agent Mervos describes the initiation of the recording and intended controlled buy. ECF No. 129 at 2; *see* ECF No. 121 at 2; ECF No. 130 at 2. In the recording, Agent Mervos states the date and time at which he starts the recording device that was utilized to record the aforementioned controlled buy as well as the location at which the controlled buy is supposed to occur. Exhibit 12-A is a transcript of the recording.[1]

---

[1] The United States subsequently withdrew its intent to offer Exhibit 12-A so any motion related to its admission is denied as moot.

ORDER DENYING DEFENDANT'S MOTION IN LIMINE - 3

### C. United States' Proffer[2]

The United States offers the following proffer in supports of its contention that it can authenticate Exhibit 2 absent testimony from the confidential informant.

Agent Mervos provided the confidential informant with $2,500 in cash, which was comprised of twenty-five $100 bills, to purchase one pound of methamphetamine from Defendant during the controlled buy. ECF No. 129 at 3. The video and audio in Exhibit 12 capture the activation of the recording device, the device being placed in the confidential informant's vehicle, and Agent Mervos' description of the intended transaction. ECF No. 129 at 2. Additionally, Agent Mervos kept the confidential informant within his sight while he was en route to meet with Defendant. ECF No. 129 at 3.

DEA Agents will explain that utilizing recording devices such as the one used on July 29, 2021, "to record transactions for narcotics undertaken by confidential information or undercover officers" is common. ECF No. 129 at 2. Agent Mervos activated the recording device as mentioned above and upon retrieving it from the confidential informant's vehicle later, confirmed that the device had not been turned off during the intervening time period. ECF No. 129 at

---

[2] This summary of facts was proffered by the United States provided in its response, ECF No. 126, and during argument on February 22, 2023.

ORDER DENYING DEFENDANT'S MOTION IN LIMINE - 4

2. Said differently, the recording purportedly depicts everything that occurred from the time Agent Mervos placed it in the confidential informant's vehicle to the time he collected it afterward. *See* ECF No. 129 at 2. The amount of time that Defendant was observed in the confidential informant's vehicle is purportedly the same length as the conversation between the confidential informant and Defendant. ECF No. 129 at 3.

Additionally, Agent Minow observed on July 29, 2021, Defendant leave his residence carrying a blue or green bag, get into a vehicle, and drive toward the location at which the controlled buy was to occur. ECF No. 129 at 4. That same day, Detective Horbatko directed a camera to capture aerial surveillance of Defendant's location and movements. ECF No. 129 at 3. The United States represents that its Proposed Exhibit 13 is a fair and accurate copy of the video captured by Detective Horbatko. ECF No. 129 at 3. Exhibit 13 shows Defendant's vehicle approach the confidential informant's vehicle, Defendant walk to the confidential informant's vehicle carrying a blue or green bag, and Defendant enter the confidential informant's vehicle. ECF No. 129 at 3. The video also captures Defendant exiting the confidential informant's vehicle with a blue or green bag. ECF No. 129 at 3.

Exhibit 2 is a video and audio recording of a conversation between Defendant and the confidential informant. ECF No. 129 at 2-3. The United States

ORDER DENYING DEFENDANT'S MOTION IN LIMINE - 5

indicates that Exhibit 2 is a three-minute-and-thirty-three-second-long clip of the video recording that began with Agent Mervos' introductory remarks. ECF No. 129 at 2-3. In Exhibit 2, Defendant and the confidential informant converse in Spanish. ECF No. 118 at 2 n.1. The United States proffers that the conversation in Exhibit 2 includes, among other things, Defendant's reference to a price of $2,500 and Defendant counting out twenty-five $100 bills. ECF No. 129 at 3-4. Finally, Agent Mervos was given approximately one pound of methamphetamine from the confidential informant, who received it from Defendant in exchange for $2,500. ECF No. 129 at 4. Additionally, the methamphetamine was wrapped in plastic grocery bags, and Exhibit 2 captures an item wrapped in groceries bags observed in the reflection of the vehicle's window. ECF No. 129 at 4.

## DISCUSSION

**A. Exhibits 2 and 2-A**

Defendant objects to the admission of Exhibit 2 contending that it cannot be authenticated without the confidential informant's testimony. *See* ECF No. 126. Defendant objections to the admission of Exhibits 2 and 2-A contending that they are inadmissible hearsay and their admission without the confidential informant's testimony would violate Defendant's rights under the Confrontation Clause. *See* ECF No. 131.

*1. Authentication*

Defendant argues that no one other than the confidential informant can authenticate the video and the audio contained therein, because the officers were not contemporaneously listening to the conversation. *See* ECF No. 126 at 2.

Exhibit 2 must be authenticated to be admitted. Fed. R. Evid. 901(a). To satisfy this requirement, the "evidence [must] sufficient[ly] . . . support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). The Ninth Circuit has not provided "a rigid set of foundation requirements" to introduce contested recordings. *United States v. Mouton*, 617 F.2d 1379, 1383–84 (9th Cir. 1980). Instead, "a trial court, in the exercise of its discretion, must be satisfied that the recording is 'accurate, authentic, and generally trustworthy'" for the recording to meet Fed. R. Evid. 901's authentication requirement. *United States v. Panaro*, 266 F.3d 939, 951 (9th Cir. 2001) (citing *Mouton*, 617 F.2d at 13-84).

The United States, as the offering party, has the burden "to produce clear and convincing evidence of authenticity and accuracy as a foundation for the admission of . . . recordings[.]" *United States v. King*, 587 F.2d 956, 961 (9th Cir. 1978). "The item may be authenticated by extrinsic evidence." *United States v. Gadson*, 763 F.3d 1189, 1203 (9th Cir. 2014) (internal citations omitted). That

1  intrinsic evidence can include testimony of a knowledgeable witness. *Id.* (citing

2  Fed. R. Evid. 901(b)(1)).

3        The United States represented at the February 22 pretrial conference that it

4  intends to authenticate Exhibit 2 through testimony of the confidential informant if

5  he testifies which is unknown at this point, or in the alternative, testimony from the

6  DEA agents and officers involved in the controlled buy, including Agent Mervos.

7        Based on the proffered testimony, the Court is satisfied that if the proffered

8  evidence is offered at trial, the United States will sufficiently establish that the

9  recording is accurate, authentic, and generally trustworthy. The United States

10 intends to elicit testimony that Agent Mervos initiated the recording, installed the

11 device, retrieved the device, turned the device off, and confirmed the device was

12 recording during the entire period from installation to collection. Additionally, the

13 United States intends to illicit testimony from a separate agent that observed

14 Defendant leave his residence, drive to the controlled buy, get into the confidential

15 informant's vehicle, and exit the confidential informant vehicle, all while in the

16 possession of a blue or green bag. That blue or green bag can be seen in the video

17 Exhibit 2. The United States intends to offer Exhibit 2-A, which translates a

18 conversation between the confidential informant and Defendant that includes

19 discussion of providing an item in exchange for $2,500. Exhibit 2 depicts a visual

20 of Defendant counting out twenty-five $100 bills. Additionally, an item wrapped

ORDER DENYING DEFENDANT'S MOTION IN LIMINE - 8

in groceries bags can be observed in the reflection of the vehicle's window in Exhibit 2.  The United States intends to elicit testimony that when the confidential informant returned to speak with Agent Mervos, the confidential informant provided Agent Mervos with the brick of methamphetamine that weighed approximately one pound and was wrapped in grocery bags.  The evidence contained in this proffer, if offered during the trial, satisfies the Court that the video is accurate, authentic, and generally trustworthy.

    *2. Hearsay*

    Defendant also objects to the introduction of Exhibit 2 and its translation, Exhibit 2-A, contending that the contents of the conversation are hearsay.  The Court finds that Defendant's statements in Exhibit 2 are admissions by a party opponent under Fed. R. Evid. 801(d)(2) and thus admissible.  As to the confidential informant's statements, the Court finds they are not offered for the truth of the matter asserted; they are offered to put in context the Defendant's statements in the conversation.  Thus, they do not constitute hearsay.  *United States v. Barragan*, 871 F.3d 689, 705 (9th Cir. 2017) (noting the admission of confidential informant's statements made in a recorded call involving the defendant were admitted only for context, no for their truth); *United States v. Kenny*, 645 F.2d 1323, 1340 (9th Cir. 1981) (statements of government information are "an essential part of the conversation used to impeach [the defendant]—no one could follow the

ORDER DENYING DEFENDANT'S MOTION IN LIMINE - 9

conversation if only [the defendant's] half were played—and thus integral to the impeachment evidence"); *United States v. Standley*, 121 F. App'x 728, 729 (9th Cir. 2005) (not reported) (noting confidential informants statements were offered "to provide necessary context for [the defendant's] own statements[,]" not for their truth); *see United States v. Whitman*, 771 F.2d 1348, 1352 (9th Cir. 1985). The Court will give a limiting instruction when Exhibits 2 and 2-A are admitted advising the jury that the confidential informant's statements are not offered for their truth and are to be considered only to put in context the Defendant's statements.

       3. *Confrontation Clause*

Defendant asserts that if the confidential informant does not testify, admission of Exhibits 2 and 2-A would violate Defendant's rights under the Confrontation Clause. ECF No. 131 at 3-5. However, "[t]he [Confrontation] Clause 'does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.'" *Barragan*, 871 F.3d at 705 (quoting *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004)). Accordingly, if a confidential informant's statements are not admitted for their truth, then "'the admission of such context evidence does not offend the Confrontation Clause.'" *Id.* (quoting *United States v. Tolliver*, 454 F.3d 660, 666 (7th Cir. 2006)). Consistent with the Court's finding in the context of the hearsay objection,

ORDER DENYING DEFENDANT'S MOTION IN LIMINE - 10

the confidential informant's statements are not offered for their truth and Defendant's Confrontation Clause right is not violated by the admission of Exhibits 2 and 2-A, even if the confidential informant does not testify.

**B. Exhibit 12**

Defendant argues Exhibit 12 is inadmissible hearsay. *See* ECF No. 131 at 2-3. As mentioned above, Exhibit 12 is a video recording that contains Agent Mervos stating the date and time at which he starts the recording device that was utilized to record the aforementioned controlled buy as well as the location at which the controlled buy is supposed to occur. At the February 22 pretrial conference, the United States argued that it was not seeking Exhibit 12's admission for the truth of the matter, but rather to authenticate Exhibit 2. The United States advised it had no objection to a limiting instruction which would inform the jury of that fact and that Agent Mervos' trial testimony is the evidence before the jury, not his statements in the video.[3] Because the United States is not seeking to admit the video and the statements contained therein for the truth of the matter, rather to authenticate the video and audio in Exhibit 2, Exhibit 12 is not hearsay. The Court

---

[3] The United States subsequently proposed such a limiting instruction, ECF No. 138, to which the parties agreed.

ORDER DENYING DEFENDANT'S MOTION IN LIMINE - 11

will give an appropriate limiting instruction at the time of the admission of Exhibit 12.

## CONCLUSION

For the reasons discussed above, the Court finds that the United States has established that Exhibit 2 is accurate, authentic, and sufficiently trustworthy and reliable to satisfy the authentication requirements of Fed. R. Evid. 901. The Court further finds that Exhibits 2 and 2-A do not contain hearsay, and therefore do not violate Defendant's rights under the Confrontation Clause as a matter of law. The Court also finds that Exhibit 12 is not hearsay, because the United States seeks its introduction to authenticate Exhibit 2, and that a limiting instruction will advise the jury regarding its limited purpose.

Accordingly, **IT IS HEREBY ORDERED:**

**1.** Defendant's Motion in Limine Regarding Video Content, **ECF No. 126**, is **DENIED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** February 26, 2023.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE
