## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA,<br><br>-vs-<br><br>JOSE AGUIRRE-RUIZ (3), | Plaintiff,<br><br><br>Defendant. | Case No. 1:22-CR-02021-MKD-3<br>**CRIMINAL MINUTES**<br><br>DATE: FEBRUARY 27, 2023<br>LOCATION: YAKIMA<br><br>JURY TRIAL – DAY 4 |
|---|---|---|

| **Honorable Mary K. Dimke** |||||
|---|---|---|---|---|
| Cora Vargas | 03 | Natalia Rivera<br>Cristina Perez-Lopez || Marilynn McMartin |
| **Courtroom Deputy** | **Law Clerk** | **Interpreter** || **Court Reporter** |
| Michael Murphy<br>Frances Walker |||| Robin Emmans |
| **Government Counsel** |||| **Defense Counsel** |

**[ X ]  Open Court**          **[  ]  Chambers**          **[  ]  Video Conference**

Defendant present, not in custody of the US Marshal and being assisted by the Court's certified Spanish Interpreters.

Jury not present in courtroom.

The Court informed government counsel that all future requests for US Marshal transport of witnesses in federal custody shall be submitted a minimum of 60 to 90 day in advance – the Court will not issue an order for transport on an urgent basis in future cases in which an untimely request was made.

The government provided the Court and defense counsel with a redacted Exhibit 2A; the Court informed counsel that court staff is collecting the unredacted Exhibit 2A provided to the jury on February 23rd as each juror enters the jury room, and the redacted version will be provided to the jury when the video is played again, and then recollected by court staff.

Interpreter Flavio Posse present for testimony of government witness
- Oath administered to interpreter

Discussion between the Court and interpreters regarding logistics for witness interpretation; interpreters will discuss on break.

## [ X ]  ORDER FORTHCOMING

| CONVENED: 8:03 A.M.<br>9:04 A.M.<br>9:54 A.M.<br>10:56 A.M.<br>12:56 P.M.<br>3:36 P.M.<br>4:32 P.M. | ADJOURNED: 8:24 A.M.<br>9:34 A.M.<br>10:37 A.M.<br>11:42 A.M.<br>2:28 P.M.<br>3:53 P.M.<br>4:46 P.M. | TIME: 4.23 HR. | CALENDARED    [ X ] |
|---|---|---|---|

Argument by Mr. Murphy in support of Exhibits 2 and 12 being played in the courtroom without counsel and the defendant present if the jury requests to view exhibits during deliberations.
- Argument in opposition by Ms. Emmans
- **Court**: ruling will be issued during morning break

Ms. Emmans requested that testimony not begin until the confidential informant's contract with the DEA is provided to her.
- Mr. Murphy indicated multiple versions of the contract will be provided, both redacted and unredacted in Spanish, and a blank English version; if the unredacted version is entered into evidence, Mr. Murphy requested that it be subject to a protective order, and that he believes the contact is Jencks material and not Giglio material.
- **Court**: a recess will be taken after direct testimony of the CI to allow Ms. Emmans a chance to evaluate the contract prior to her cross examination; the contract will not be admitted into evidence at this time.

**Recess**:      8:24 a.m.  
**Reconvene**:   9:04 a.m.  
**All parties present, without the jury**

Cooperating Witness is seated at the witness stand, in custody of the US Marshal; the Court advised the confidential informant/cooperating witness that if he needs to speak with his attorney during his testimony, he shall state he wants to speak to his attorney through the interpreter.

Ms. Emmans does not agree with the government's characterization of the DEA contracts as purely Jencks material but the defendant wishes to proceed and Ms. Emmans would like a 30 minute recess following direct examination.

Counsel stipulated to swapping Exhibit 11 with a redacted version, previously emailed to Ms. Emmans and court staff.

Jury brought into the courtroom (9:11 a.m.)

**Cooperating Witness sworn to testify, utilizing the services of Spanish Interpreter Flavio Posse; defense counsel Kenneth Therrien present on behalf of witness**
- Direct examination by Mr. Murphy (Government Exhibit 2 discussed)
    - English transcript admitted as Government Exhibit 2-A was provided to the jury prior to video/audio of Exhibit 2 being played and collected following the video.
    - The Court read limiting instruction regarding Exhibit 2 to the jury following Exhibit 2 being played.

Jury excused from courtroom (9:32 a.m.)

**Recess**:      9:34 a.m.  
**Reconvene**:   9:54 a.m.  
**All parties present, without the jury**

The Court inquired of Mr. Murphy whether there is a DEA contract covering the period of time in which the alleged events took place.
- Mr. Murphy indicated there is a contract covering the time period in question but it's at the DEA office and he has not obtained that document.
- Ms. Emmans stated Mr. Murphy advised her of such, but the defendant wishes to proceed with his trial instead of delaying the proceedings any further.

Jury brought into courtroom (10:03 a.m.)

*USA -vs- AGUIRRE-RUIZ*            February 27, 2023
1:22-CR-02021-MKD-3            Page 3
Jury Trial – Day 4

**Cooperating Witness resumes stand, previously sworn to testify**
- Cross examination by Robin Emmans
- Re-direct by Mr. Murphy
- Re-cross by Ms. Emmans
- Witness stepped down and was excused (10:23 a.m.)

Jury excused from courtroom

Mr. Murphy advised the government will be recalling Detective Mervos to impeach the cooperating witness.

Jury returned to courtroom (10:26 a.m.)

**Special Agent Michael Mervos, Drug Enforcement Administration, recalled and sworn to testify**
- Direct examination by Mr. Murphy
- Cross examination by Ms. Emmans
- Witness stepped down and was excused

Government rested (10:30 a.m.)

Jury excused from courtroom

Ms. Emmans advised that she is not moving to dismiss on the typical grounds, as she feels the required threshold has been met, but due to the late and lack of disclosures in the matter, which were misleading to the defense and affected her ability to cross-examine witnesses, she foresees a motion to dismiss on other grounds.
- Response by Mr. Murphy
- **Court**: a motion to dismiss filed by the defense will be assessed by the Court when it is filed.

**Recess**:     10:37 a.m.
**Reconvene**:     10:56 a.m.
**All parties present without the jury**

Colloquy between Court and Defendant regarding Defendant's right not to testify; the Court advised Defendant of his right not to testify and the possible consequences of him testifying; Defendant confirmed he understood and wished to testify.

Jury returned to the Courtroom (11:01 a.m.)

**Defendant Jose Aguirre-Ruiz sworn to testify, being assisted by the Court's Spanish Interpreters**
- Direct examination by Ms. Emmans
- Cross examination by Mr. Murphy (Exhibits 6, 8, 7 discussed)
- Re-direct by Ms. Emmans
- Witness stepped down

Defense rested (11:33 a.m.)

Jury excused from courtroom

Court and counsel discussed final jury instructions

**Court**: Exhibits 2, 2a, and 12 will be played/provided in courtroom only with counsel and defendant present if the jury requests to watch video; Exhibits 13 and 14 will be released to the jury electronically through the JERS program.

The Court confirmed with Ms. Emmans that she consulted with the Defendant regarding his right not to testify.
**Court**: after having consulted with his counsel, the Court finds the Defendant made a knowing, intelligent, and voluntary decision to testify in this matter.

*USA -vs- AGUIRRE-RUIZ* February 27, 2023
1:22-CR-02021-MKD-3 Page 4
Jury Trial – Day 4

**Recess**: 11:42 a.m.
**Reconvene**: 12:56 p.m.
**All parties present without the jury**

The Court confirmed with counsel that they do not object to the Court's additional proposed Jury Instruction No. 26 regarding evidence.

Jury returned to courtroom (1:01 p.m.)

Preliminary Instructions were collected from each juror and Final Jury Instructions were provided to each juror.

The Court read the Final Jury Instructions to the jury; the Court advised the jury that the methamphetamine, Exhibit 10, cannot go into the jury room but they can view it in the courtroom.

Jury excused from courtroom (1:31 p.m.)

Ms. Walker displayed the government's proposed PowerPoint she plans to use during closing arguments to Ms. Emmans.
Ms. Emmans objected to the red/green color coding.
**Court**: objection overruled; PowerPoint may be used during Government's closing arguments.

Jury returned to courtroom (1:38 p.m.)

Closing arguments by Ms. Walker (1:39 p.m.)

Closing arguments by Ms. Emmans (1:53 p.m.)

Rebuttal arguments by Mr. Murphy (2:13 p.m.)

Jurors viewed Government's physical Exhibits 9 and 10 on counsel table.

Oath administered to the Officers to take charge of the Jury.

Jury excused from courtroom to deliberate upon a verdict (2:24 p.m.)

Alternate Jurors 13 and 14 were excused with the thanks of the Court, subject to the Court's admonishment until a verdict is reached.

**Recess**: 2:28 p.m.
**Reconvene**: 3:36 p.m.
**All parties present, without the jury**

The Court advised counsel that a note from the jury was received indicating they would like to view Exhibits 2 and 2-A.

Jury returned to the courtroom (3:39 p.m.)

Juror No. 5 asked if the video could be paused during the course of the video, or if they have to watch it all at once.

Sidebar was held with the Court, counsel and defendant present to discuss question.
**Court**: Exhibits 2 and 2-A will be released to the jury through the JERS program so the jury can access and pause the video on their own.

Jury excused from courtroom to continue deliberations (3:45 p.m.)

A Court Security Office informed the Court that Juror 5 inquired whether him asking to pause the video was improper; the Court will bring the jury back in to assure juror that his question was not improper, but all future questions should be in writing.

Jury returned to courtroom (3:49 p.m.)

The Court informed the jury that nothing was improper about the previous question by Juror 5, but all further questions should be in writing.

Jury excused from courtroom to continue deliberations (3:50 p.m.)

**Recess**:     3:53 p.m.
**Reconvene**:  4:32 p.m.
**All parties present, without the jury**

The Court informed the parties that the jury has reached a verdict.

Jury returned to courtroom with verdict form.

Deputy Clerk read Verdict:

>   Defendant **Guilty on Count 2**

The Court polled the Jury with the following two questions posed to each juror individually:
>   Is this your verdict?
>   Is this the verdict of the jury?

All 12 jurors answered Yes to both questions.

Jury excused with the thanks of the Court (4:39 p.m.)

**Court:** Sentencing set for **June 6, 2023, at 2:45 p.m. in Yakima.**

Mr. Murphy moved for detention of defendant
Response in opposition by Ms. Emmans
**Court**: Government's oral motion for detention is **GRANTED**; Defendant is remanded to the custody of the US Marshal; Sentencing is set for **June 6, 2023, at 2:45 p.m. in Yakima**; Presentence Investigation Report ordered.